FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JUN 0 7 2005

MATTHEW J. DYKMAN
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LARRY JARAMILLO,

    Plaintiff,

v.

No. CIV-05-0410 WJ/RLP

NEW MEXICO DEPARTMENT OF CORRECTIONS-
N.M.D.C., NMDC MEDICAL STAFF, KNOWN
AND UNKNOWN, NURSE MS. HERRERA;
ADMINISTRATIVE, WARDEN NORWOOD, AND
WARDEN MARTIN, AND OTHER SIMILARLY SITUATED
UNKNOWN AGENTS AT ROSWELL CORRECTIONAL
CENTER - R.C.C., AND MEDICAL STAFF AT
LEA COUNTY CORRECTIONAL FACILITY - L.C.C.F.,
UNDER THE AUTHORITY OF GLOBAL EXPERTISE
IN OUTSOURCING - GEO GROUP, INC., FORMALLY [sic]
KNOWN AS WACKENHUT CORRECTIONS
CORPORATION, KNOWN AND UNKNOWN; MEDICAL
DIRECTOR MR. DOUGLAS, AND DOCTOR HILL;
ADMINISTRATIVE, WARDEN - PATRICK SNEDEKER
(WACKENHUT), AND WARDEN - JAMES
JANECKA (GEO), AND OTHER SIMILARLY
SITUATED UNKNOWN L.C.C.F., AGENTS,

    Defendants.

## MEMORANDUM OPINION AND ORDER TO SHOW CAUSE

This matter is before the Court, sua sponte under 28 U.S.C. § 1915(e)(2), Fed. R. Civ. P. 12(b)(6), and 42 U.S.C. § 1997e(a), to review Plaintiff's civil rights complaint. Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, Plaintiff will be required to show cause why his complaint should not be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint sua sponte under §1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon



which relief may be granted." The Court also may dismiss a complaint sua sponte under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma. Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). And according to the provisions of 42 U.S.C. § 1997e(a), "No action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that, because of urinary tract failure, Plaintiff was unable to provide urine samples for prison medical examinations. As a result, he was given misconduct reports for refusing to submit to drug tests, certain good time credits were forfeited, and he was classified to a higher custody level. After complaining about his medical condition for nearly a year, Plaintiff underwent surgery. He subsequently failed to provide a urine sample and sanctions were again imposed, including 45 days of segregation. This last misconduct report was later dismissed. Corrections personnel failed to act on Plaintiff's requests for follow-up medical treatment. He alleges that he was told he would be transferred to Los Lunas, but instead was transferred back to Roswell, where his requests to speak to the warden were denied. Plaintiff then received another misconduct report for failing to provide a urine sample. He claims Defendants' conduct violated certain of his constitutional protections, and he seeks damages and injunctive relief.

Plaintiff's allegations do not appear to meet the requirements of 42 U.S.C. § 1997e(a). He alleges that he complained to medical personnel, filed grievances that were denied, and appealed to Corrections Secretary Williams. "[A] complaint 'that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted.'" *Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 121 (10th Cir. 2003) (quoting *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998). "[T]he PLRA . . . requires inmates to exhaust fully all of their claims before filing in federal court." *Ross v. County of Bernalillo*, 365 F.3d 1181, 1190 (10th Cir. 2004). "Nor is [Plaintiff's] argument that he gave notice of his claims to various Defendants by means other than the grievance process persuasive--the doctrine of substantial compliance does not apply." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002). "We further note that [Plaintiff] failed to attach copies of the applicable grievance forms, showing disposition, to his complaint, and that his complaint does not appear to describe with specificity the administrative proceedings relevant to his grievances and the outcome of those proceedings." *Fuller v. Myers*, No. 04-3210, 2005 WL 408063, at **2 (10th Cir. Feb. 22, 2005). Under these standards, Plaintiff has not sufficiently shown that he has exhausted administrative remedies. He will be required to show cause why his complaint should not be dismissed.

IT IS THEREFORE ORDERED that, within twenty (20) days from entry of this order, Plaintiff shall file a response showing cause, if any, why his complaint should not be dismissed for failure to exhaust administrative remedies; and the Clerk is directed to send Plaintiff a form § 1983 complaint.

UNITED STATES MAGISTRATE JUDGE