**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

LARRY JARAMILLO,

      Plaintiff,

v.                                  No. CIV-05-0410 WJ/RLP

NEW MEXICO DEPARTMENT OF CORRECTIONS-
N.M.D.C., NMDC MEDICAL STAFF, KNOWN
AND UNKNOWN, NURSE MS. HERRERA;
ADMINISTRATIVE, WARDEN NORWOOD, AND
WARDEN MARTIN, AND OTHER SIMILARLY SITUATED
UNKNOWN AGENTS AT ROSWELL CORRECTIONAL
CENTER - R.C.C., AND MEDICAL STAFF AT
LEA COUNTY CORRECTIONAL FACILITY - L.C.C.F.,
UNDER THE AUTHORITY OF GLOBAL EXPERTISE
IN OUTSOURCING - GEO GROUP, INC., FORMALLY [sic]
KNOWN AS WACKENHUT CORRECTIONS
CORPORATION, KNOWN AND UNKNOWN; MEDICAL
DIRECTOR MR. DOUGLAS, AND DOCTOR HILL;
ADMINISTRATIVE, WARDEN - PATRICK SNEDEKER
(WACKENHUT), AND WARDEN - JAMES
JANECKA (GEO), AND OTHER SIMILARLY
SITUATED UNKNOWN L.C.C.F., AGENTS,

      Defendants.

MEMORANDUM OPINION AND ORDER

      This matter is before the Court to consider Plaintiff's response to the order entered June 7, 2005, that required him to show cause why his complaint should not be dismissed for failure to exhaust administrative remedies.

      The complaint alleges that on four occasions Plaintiff was unable to provide urine samples for prison physical examinations because of a urinary tract obstruction. As a result, Plaintiff received misconduct reports and lost good time credits for refusing to submit to drug tests. Two of these

incidents occurred in May 2003, and the resulting misconduct reports were later dismissed and good time credits restored. (Ex. E attached to Resp.) A third incident occurred after Plaintiff underwent surgery in 2004 to relieve his condition, and the misconduct report was dismissed a week later. (Compl. ¶ 6.) On August 4, 2004, Plaintiff again failed to provide a urine sample and sanctions were imposed, including 45 days of segregation and loss of 270 days of good time credit. Plaintiff also alleges that he has been denied adequate medical treatment for his condition.

Attached to Plaintiff's response to the order to show cause are several exhibits in support of his assertion that he has exhausted administrative remedies. According to the response, Plaintiff filed grievances against the first two reports, resulting in dismissal of the reports and restoration of good time. The third report was dismissed upon informal resolution. Plaintiff makes no specific allegation of having exhausted his claim arising from the incident of August 4, 2004, nor does he provide any documentation of grievance proceedings thereon. The response indicates that Plaintfiff may have exhausted his medical treatment claim.[1]

As noted in the prior order, "[T]he PLRA . . . requires inmates to exhaust fully all of their claims before filing in federal court." *Ross v. County of Bernalillo*, 365 F.3d 1181, 1190 (10th Cir. 2004). Plaintiff has not made a sufficient allegation that he exhausted his claim arising from the disciplinary incident of August 4, 2004. *See Fuller v. Myers*, No. 04-3210, 2005 WL 408063, at \*\*2 (10th Cir. Feb. 22, 2005). In this circumstance, "the district court may give [Plaintiff] an opportunity to voluntarily dismiss his unexhausted claims and proceed with his exhausted claims." *Dawson vs. Taylor*, No. 04-1183, 2005 WL 776163, at \*\*1 (10th Cir. April 7, 2005). The Court will allow

---

[1] Nothing in the Court's analysis in this order shall be construed as precluding litigation of the issue of exhaustion if the Defendants ultimately appear in this action.

Plaintiff to withdraw his claim based on the disciplinary incident of August 4, 2004.  Plaintiff is notified that, if he withdraws this claim, the doctrine of *res judicata* may bar litigation of the claim in the future.  *See Yapp v. Excel Corp.*, 186 F.3d 1222, 1226 (10th Cir. 1999).  If the unexhausted claim is withdrawn, Plaintiff may then proceed with his other claims.  Failure to respond to this order, or to expressly withdraw the claim based on the disciplinary incident of August 4, 2004, may result in dismissal of Plaintiff's complaint without prejudice.

    IT IS THEREFORE ORDERED that, within twenty (20) days from entry of this order, Plaintiff may file a response expressly withdrawing his claim based on the disciplinary incident of August 4, 2004.

_____
UNITED STATES MAGISTRATE JUDGE