IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LARRY JARAMILLO,

    Plaintiff,

v.                                                      No. CIV-05-0410 WJ/RLP

NEW MEXICO DEPARTMENT OF CORRECTIONS-
N.M.D.C., et al.,

    Defendants.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court on Plaintiff's motion to voluntarily dismiss unexhausted claims (Doc. 14) filed August 5, 2005, and for further review of the complaint. In his motion, Plaintiff asks to withdraw an unexhausted claim based on disciplinary sanctions resulting from an incident on August 4, 2004. The motion will be granted and certain claims will be dismissed. Also before the Court are Plaintiff's motions for appointment of counsel (Doc. 3, 11) filed April 11 and June 24, 2005.

    Plaintiff's complaint alleges that on three occasions (not including the incident of August 4, 2004), he was unable to provide urine samples for physical examinations because of a urinary tract obstruction. He then received misconduct reports for refusing to submit to drug tests. His punishment included segregation and forfeiture of good time credits. The misconduct reports from incidents in 2003 were later dismissed and his good time credits were restored. (Ex. E attached to Resp.) A third incident occurred after Plaintiff underwent surgery in 2004 to relieve his condition, and the misconduct report was dismissed a week later. (Compl. ¶ 6.) Plaintiff claims that

Defendants' conduct violated his due process protections.

Plaintiff makes no specific allegation as to the nature of the violations in the disciplinary proceedings. The minimum due process requirements for prison disciplinary hearings are: (1) written notice of the charges against the inmate at least twenty-four hours before the hearing; (2) the right to call witnesses and present evidence at the hearing; (3) a written statement by the fact-finder as to the evidence relied upon and the reason for any action taken. *See Wolff v. McDonnell*, 418 U.S. 539, 564-66 (1974); *Lowe v. Sockey*, No. 00-7109, 2002 WL 491731, at **7 (10th Cir. April 2, 2002). The complaint does not specify which of these rights he was denied.

Plaintiff appears to assert that, because he was unable to comply with the drug test requirement, the disciplinary committee's decision was contrary to the weight of the evidence. "[I]t is absolutely clear in this Circuit that [*Superintendent, Mass. Correctional Inst. v. Hill*, 472 U.S. 445 (1985)]'s 'some evidence' standard governs that determination." *Plunk v. Givens*, 234 F.3d 1128, 1130 (10th Cir. 2000) (*citing Mitchell v. Maynard*, 80 F.3d 1433, 1445 (10th Cir. 1996)). There was clearly "some evidence" in the disciplinary proceedings that Plaintiff did not timely provide urine samples, as conceded by Plaintiff, even though the resulting misconduct reports were later dismissed and sanctions set aside. The disciplinary proceedings did not violate Plaintiff's due process protections.

Nor do Plaintiff's allegations of brief periods of segregation (one of which was for medical reasons) support a constitutional claim. The Supreme Court has ruled that involuntary segregated confinement "did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." *Sandin v. Conner*, 515 U.S. 472, 486 (1995). Here, "Plaintiff ha[s] 'not allege[d] facts that amount to an atypical and significant hardship,' and [furthermore,] ha[s]

not shown 'that the length of [his] confinement inevitably will be affected by his placement in segregation. . . .' " *Scott v. Crowley County Corr. Facility*, No. 03-1253, 2003 WL 22093917, at \*\*2 (10th Cir. Sept. 10, 2003). Plaintiff's due process claims arising from disciplinary proceedings will be dismissed.

Plaintiff also alleges that he was denied adequate medical treatment for his condition, in violation of the Eighth Amendment. These allegations arise from the time Plaintiff spent at the Lea County Correctional Facility. The only named Defendants that are possibly connected to the medical claim by Plaintiff's allegations are GEO Group, Inc., Medical Director Douglas, and Dr. Hill. These Defendants will be required to respond to Plaintiff's allegations of denial of adequate medical treatment.

Plaintiff's motions for appointment of counsel will be denied at this time. Factors the Court weighs when considering a motion for appointment of counsel in a civil rights case include " 'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.' " *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)). The Court has reviewed the complaint and subsequent pleadings in light of the foregoing factors, and Plaintiff appears to understand the issues in the case and to be representing himself in an intelligent and capable manner. *See Lucero v. Gunter*, 52 F.3d 874, 878 (10th Cir. 1995).

IT IS THEREFORE ORDERED that Plaintiff's motion to voluntarily dismiss unexhausted claims (Doc. 14) filed August 5, 2005, is GRANTED;

IT IS FURTHER ORDERED that Plaintiff's due process claims are DISMISSED with

3

prejudice;

IT IS FURTHER ORDERED that Plaintiff's motions for appointment of counsel (Doc. 3, 11) filed April 11 and June 24, 2005, are DENIED at this time;

IT IS FURTHER ORDERED that Plaintiff's claims against Defendants New Mexico Department of Corrections; NMDC Medical Staff, Known and Unknown; Nurse Ms. Herrera; Warden Norwood; Warden Martin; other similarly situated unknown agents at Roswell Correctional Center; Warden Snedeker; James Janecka; and other similarly situated unknown L.C.C.F. Agents are DISMISSED with prejudice;

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver forms, with a copy of the complaint, to Defendants GEO Group, Inc., Medical Director Douglas, and Dr. Hill on Plaintiff's Eighth Amendment claim of denial of necessary medical treatment.

_____
UNITED STATES DISTRICT JUDGE

4