FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE NEW MEXICO

MAR 0 6 2006

MATTHEW J. DYKMAN
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LARRY JARAMILLO,

    Plaintiff,

v.

    Civ. No. 05-410 WJ/RLP

NEW MEXICO DEPARTMENT
OF CORRECTIONS, et al.,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION[1]

1.    This is a proceeding brought pursuant to 42 U.S.C. § 1983. Plaintiff is currently incarcerated in Hobbs, New Mexico. He alleges that Defendants GEO Group, Inc., Don D. Douglas, and "Dr. Hill"[2] violated his Eighth Amendment rights by denying and or delaying medical care. The court requested *Martinez* reports from GEO and Douglas, see *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978), and those documents have now been produced.

2.    Plaintiff alleges that due to a urinary tract infection (UTI) he was unable to provide urine samples upon demand and suffered loss of good time credits and other disciplinary action. He states that medical treatment was delayed or denied for treatment of this condition.

---

[1] Within ten (10) days after a party is served with a copy of the Magistrate Judge's Report and Recommendation (R&R) that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to the R&R in the United States District Court. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the R&R. If no objections are filed, no appellate review will be allowed.

[2] The district court's Memorandum Opinion and Order [Doc. 15] dismissed all defendants except GEO Group, Inc., Medical Director Douglas, and "Dr. Hill." In Plaintiff's Motion for Changing Discovery imitations [Doc. 23], he indicates that all three defendants have been served. There is no record of Dr. Hill being served.



3.     "A prison official's deliberate indifference to an inmate's serious medical needs is a violation of the Eighth Amendment's prohibition against cruel and unusual punishment." *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005). Deliberate indifference claims have both subjective and objective components. "The objective component is met if the deprivation is 'sufficiently serious.'" *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quotation omitted). "The subjective component is met if a prison official knows of and disregards an excessive risk to inmate health or safety." *Id.* (quotation omitted). A prisoner's dissatisfaction with medical care or medical care negligently rendered does not violate the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

4.     Beginning in March, 2003, Plaintiff visited the health care facility at the prison on a weekly, if not more frequently, basis. The primary complaint, and the subject of this lawsuit, was difficulty in urinating. Specifically, Plaintiff frequently could not initiate urinary flow and when he could, it was painful. He mentioned several times that he could not urinate when someone was watching. *See, e.g., Martinez* Report [Doc. 36] at 0008. The health unit tested Plaintiff and the tests came back normal. *E.g., id.* at 0029.

5.     Because Plaintiff's tests were normal, he was referred to a psychologist. The psychologist found no psychological problems. *Id.* at 0009. The complaints continued and on December 18, 2003 he was operated on by Julio Ossorio, M.D., who performed a cystoscopy with urethral dilation. Dr. Ossorio diagnosed Plaintiff with chronic prostatitis and urethral stricture. *Id.* at 0049.

6.     Ten days later, Plaintiff complains of problems urinating; tests revealed no abnormalities. *Id.* at 0077. On February 17, 2004 Plaintiff was seen by a urologist,

2

Richard R. Landrigan, M.D. Dr. Landrigan recommended to Dr. Hill at the Lea County Correctional Facility, that Plaintiff undergo a direct vision internal urethrotomy; Dr. Landrigan was to perform the procedure within the next two weeks. *Id.* at 0082. On March 2, 2004, Plaintiff canceled the scheduled surgery. *Id.* at 0093.

7. Starting again in May, 2004 and through April, 2005 Plaintiff made several complaints to the health care providers about, *inter alia*, his difficulties with urination. *See id.* 0105, 0109, 0112, 0114, 0117, 0118, 0124, 0135. Sometimes he neglected to come for his follow up-appointments (0118, 0112). On July 18, 2005 he was seen by urologist Todd Gray, M.D. on referral from Dr. Hill. *Id.* 0141-42.

8. Dr. Gray reported that Plaintiff had a history of urethral stricture disease, but "[n]o current evidence for clinically significant urethral stricture disease." *Id.* at 0142. He also indicated a possible bladder neck dysfunction. *Id.* Plaintiff was next seen on July 25, 2005 by Donna Deming, M.D., a physician at the prison health system. At this time, Plaintiff acknowledged there may be a psychological component to his urinary problems. *Id.* at 0145. On August 8, he was seen again by Dr. Deming who referred him to a mental health provider for urination anxiety. *Id.* at 0147.

9. The foregoing summary from the medical records indicates that Plaintiff received neither a delay nor a denial of care. He was seen continually by various medical personnel who tested and treated him. His continuing complaints in the absence of abnormal tests may indicate a psychological problem, but they surely do not indicate a deliberate indifference to his medical condition.

10. As indicated previously, Defendants GEO Group and Douglas were ordered to provide *Martinez* Reports to the court, consisting of all of Plaintiff's medical records and other documents concerning his medical treatment. Order [Doc. 31]. Plaintiff was given an additional 20 days to respond to the *Martinez* Reports. *Id.* Plaintiff has not responded. The court finds that there are no material facts in dispute and that Defendants GEO Group and Douglas are entitled to summary judgment as a matter of law. Fed.R.Civ.P. 56(c).

11. Defendant Dr. Hill was not dismissed from the lawsuit in the district court's previous order [Doc. 15], nor served with process in this matter. From the court's review of the medical records, there appears no basis for Plaintiff's claims against him and those claims will also be dismissed.

## RECOMMENDED DISPOSITION

I recommend that summary judgment be granted in favor of Defendants and against Plaintiff and that this case be dismissed with prejudice.

Richard L. Puglisi
United States Magistrate Judge